■ In the Matter of KENT A. NUNNERY, Respondent, v TAMMY L. NUNNERY, Appellant. [713 NYS2d 417] —Order unanimously affirmed without costs. Memorandum: The parties were married in October 1994, their child was born in December

1994, and respondent mother left the marital residence in October 1998. Shortly thereafter, petitioner father filed a petition for custody of the child and respondent filed a cross petition for custody and a family offense petition. After a hearing, Family Court awarded custody of the child to petitioner with liberal visitation rights to respondent and dismissed both the cross petition for custody and the family offense petition.

Respondent failed to preserve for our review her contention that the court erred in failing to recuse itself (*see, Schauer v Gent*, 115 AD2d 126). In any event, that contention lacks merit. " 'Where, as here, there is no allegation that recusal is statutorily required (*see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the justice whose recusal is sought' " (*Kern v City of Rochester*, 217 AD2d 918, quoting *Matter of Card v Siragusa*, 214 AD2d 1022, 1023).

We further reject respondent's contention that the court erred in failing to order psychological evaluations of the parties. "The decision whether to direct a psychological or social evaluation in a child custody dispute is within the sound discretion of the court (*see, Kesseler v Kesseler*, 10 NY2d 445, 452; Family Ct Act § 251)" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955). Here, neither party requested the psychological evaluations, and there was sufficient testimony from the parties and other witnesses to enable the court to resolve the issue without those evaluations (*see, DeWaal v DeWaal*, 249 AD2d 1003, 1004; *cf., Giraldo v Giraldo*, 85 AD2d 164, 171-172, *appeal dismissed* 56 NY2d 804).

Finally, we reject the contention of respondent that the award of custody to petitioner is against the weight of the evidence. "The determination of the hearing court, which is in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight" (*Matter of Paul C. v Tracy C., supra*, at 956; *see, Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947). The court carefully weighed the appropriate factors in determining that awarding custody to petitioner was in the child's best interests (*see, Eschbach v Eschbach*, 56 NY2d 167, 172-174; *Fox v Fox*, 177 AD2d 209, 210). Contrary to respondent's contention, the court's erroneous statement that respondent returned to New York because of this custody proceeding is not a basis to disturb the court's determination. Although respondent in fact returned for a court proceeding involving a different child, the essence of the court's finding is that respondent did not return to New York because of a desire to salvage the marriage. (Appeal from Order of

Orleans County Family Court, Punch, J.—Custody.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.