■ In the Matter of SUZANNE (ENNIS) THAYER, Appellant, v JAMES P. ENNIS, Respondent. [739 NYS2d 321] —Appeal from an amended order of Family Court, Onondaga County (Rossi, J.), entered March 9, 2000, which granted respondent's cross petition seeking sole custody of the youngest child of the parties.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court did not abuse its discretion in modifying the judgment of divorce by granting respondent's cross petition seeking sole custody of the youngest child of the parties. The relationship of the parties had deteriorated to such an extent that joint custody was no longer feasible and thus respondent established a "change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland,* 213 AD2d 773; *see, Matter of Hilliard v Peroni,* 245 AD2d 1107, 1108; *see generally, Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Buffy E. v Lance C.,* 227 AD2d 903, 904). Although we disagree with the court that petitioner is not fit to be the custodial parent, we nevertheless conclude that petitioner is less fit than respondent (*see, Matter of Quarantillo v Grainge,* 272 AD2d 994; *Fox v Fox,* 177 AD2d 209, 211) in view of the overt hostility of petitioner and her husband toward respondent and petitioner's lack of cooperation with respect to respondent's visitation with the child. The court's determination that the best interests of the child are served by awarding respondent sole custody is entitled to great deference (*see, Eschbach v Eschbach,* 56 NY2d 167, 173) and will not be disturbed where, as here, it has a sound and substantial basis in the record (*see, Matter of Green v Mitchell,* 266 AD2d 884). Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.