In the Matter of TERRY PINKERTON, Respondent, v LOUISE PENSYL, Appellant. [757 NYS2d 921] —Appeal from an order of Family Court, Genesee County (Adams, J.), entered February 6, 2002, which, inter alia, transferred sole custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly transferred sole custody of the parties' children to petitioner father, subject to visitation by respondent mother. The court's determination following a hearing that the transfer would be in the best

interests of the children is entitled to great deference and will not be disturbed where, as here, it is based on careful weighing of appropriate factors (*see Eschbach v Eschbach,* 56 NY2d 167, 171-174 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95 [1982]; *Murek v Murek* [appeal No. 2], 292 AD2d 839 [2002]; *Matter of Nunnery v Nunnery,* 275 AD2d 986, 987 [2000]; *Matter of Jensen v Harris,* 197 AD2d 917 [1993]), including the court's firsthand assessment of the character and credibility of the parties and their witnesses (*see Nunnery,* 275 AD2d at 987; *Matter of King v King,* 251 AD2d 1028, 1029 [1998]; *Matter of Paul C. v Tracy C.,* 209 AD2d 955, 956 [1994]). We conclude that the court's determination has a sound and substantial basis in the record (*see Matter of Thayer v Ennis,* 292 AD2d 824, 825 [2002]; *Matter of Albert S. v Pamela G.M.,* 291 AD2d 931 [2002]; *Matter of Green v Mitchell,* 266 AD2d 884 [1999]) and that respondent is less fit than petitioner (*see Thayer,* 292 AD2d at 825; *Matter of Quarantillo v Grainge,* 272 AD2d 994 [2000]) and less able to provide for the children's stability and physical, medical, educational, moral, and emotional well-being.

Contrary to the further contention of respondent, the court properly exercised its discretion in denying her motion for a change of venue (*see Matter of Hudson v Villa,* 204 AD2d 1033 [1994]; *Matter of Tavolacci v Garges,* 124 AD2d 734, 735-736 [1986]; *Matter of Young v Morse,* 92 AD2d 706 [1983]; *cf. Matter of Baccash v Baccash,* 231 AD2d 714, 715 [1996]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.