■ In the Matter of AMY H., Respondent, v CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, and LISA

B., Respondent, et al., Respondent. (Appeal No. 1.) [788 NYS2d 737]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered April 8, 2004 in a proceeding pursuant to Family Ct Act article 6. The order appointed petitioner the guardian of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this triad of related appeals, the Chautauqua County Department of Social Services (DSS) appeals from three orders concerning a child, S.B., who has been in the custody of DSS for a significant portion of her life. She has multiple mental health issues, including inter alia, attention deficit hyperactivity disorder, posttraumatic stress disorder, oppositional defiant disorder, and a number of personality issues. Her father has taken no part in her life and her mother is unable to care for her. S.B. was in a psychiatric unit, about to be moved to a residential treatment facility, when Amy H. (petitioner), a nurse who had formerly cared for S.B., filed a petition seeking to gain custody of S.B. and prevent her from being transferred to the facility, which is located in South Carolina. The petition was supported by S.B.'s mother, respondent Lisa B., and opposed by DSS. After an evidentiary hearing, Family Court determined that it would allow S.B. to be transferred to the South Carolina facility, converted the petition to one seeking guardianship and granted guardianship of S.B. to petitioner. DSS has appealed from the resulting order (appeal No. 1).

After S.B. was in the facility for a matter of months, the facility announced that it was closing and that S.B. would have to be moved. Petitioner then filed another petition, again requesting that she be awarded custody of S.B. The court, after reviewing submissions and hearing argument but without conducting an evidentiary hearing, issued an order that granted custody of S.B. to petitioner (appeal No. 2) and a separate order that terminated DSS's custody (appeal No. 3). DSS appeals from both orders, enforcement of which has been stayed by this Court pending disposition of the appeals.

Because DSS did not object to that part of the determination in appeal No. 1 that converted the petition to one seeking guardianship, DSS has not preserved this issue for our review. In any event, the CPLR allows amendment of pleadings at any time, even after trial, if the opposing party cannot establish prejudice from the amendment (*see* CPLR 3025 [c]; *Murray v City of New York,* 43 NY2d 400, 405 [1977], *rearg dismissed* 45 NY2d 966 [1978]; *Matter of Chesko v Chesko,* 274 AD2d 729, 730-731 [2000]). Because it had a full and fair opportunity to contest any placement with petitioner, DSS has failed to establish that it suffered prejudice from the amendment of the petition.

We reject the further contention of DSS that petitioner did not have standing to seek custody of S.B. A nonfamily member may seek custody of a child if "extraordinary circumstances" exist that would require that the court examine the best interests of the child and place custody accordingly (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 548 [1976]; *see Fuss v Niceforo,* 244 AD2d 858, 859 [1997]). The evidence adduced at the hearing prior to the order in appeal No. 1, including S.B.'s repeated placements in foster care due to persistent neglect, the mother's admitted inability to care for S.B., and the lack of a suitable other relative to care for her, established extraordinary circumstances. Upon the record established at the hearing, we cannot conclude that the court erred in determining that petitioner had standing, granting guardianship of S.B. to petitioner, and mandating that petitioner be a part of the discharge planning for S.B.

The court erred, however, in granting custody of S.B. to petitioner (appeal No. 2) and terminating DSS's custody of S.B. (appeal No. 3) without a hearing. "The issues of custody and visitation should be determined after a full evidentiary hearing rather than on the basis of recriminatory and controverted affidavits" (*Tacconi v Tacconi,*197 AD2d 929, 929 [1993]; *see Van Etten v Van Etten,* 207 AD2d 992 [1994]).

In light of our determination we do not reach the remaining contentions of DSS. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ. [As amended by unpublished order entered Feb. 4, 2005.]