In the Matter of PAULINE E., Respondent, v RENELDER P., Appellant. [829 NYS2d 383]—

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered December 8, 2004 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and awarded primary physical custody of the parties' child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order granting the petition seeking to modify the parties' existing joint custody arrangement, pursuant to which respondent had primary physical custody of the parties' child, by awarding primary physical custody of the child to petitioner. Contrary to respondent's contention, Family Court did not fail to determine that there was a sufficient change in circumstances to warrant an examination of the child's best interests. "Although Family Court did not specifically state that it found a sufficient change in circumstances, our review of the record reveals extensive findings of fact, placed on the record by Family Court, which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order" (*Matter of Drew v Gillin*, 17 AD3d 719, 720 [2005]). We also reject respondent's contention that the court erred in awarding primary physical custody to petitioner. We conclude that the court's determination has a sound and substantial basis in the record (*see Matter of Thayer v Ennis*, 292 AD2d 824, 825 [2002]; *Matter of Albert S. v Pamela G.M.*, 291 AD2d 931 [2002]). The record establishes that respondent is less fit than petitioner as a parent and is less able than petitioner to provide for the child's stability and physical, medical, educational, moral, and emotional well-being (*see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1102 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114 [2003]).

Respondent failed to object to the testimony of a child protective services caseworker on the grounds now raised on appeal, and thus failed to preserve his current contention for our review (*see generally Matter of Amy H. v Chautauqua County Dept. of Social Servs.*, 13 AD3d 1048, 1050 [2004]; *Matter of Crystal A.*, 11 AD3d 897 [2004]). Finally, although we agree with respondent that the court erred in permitting him to be cross-examined with respect to an accusation by the mother of one of his other children, we conclude that the error is harmless (*see generally Matter of Christina A.M.*, 30 AD3d 1064, 1064-1065 [2006], *lv denied* 7 NY3d 712 [2006]; *Matter of Michael G.*, 300 AD2d 1144, 1145 [2002]). The admissible evidence amply supports the

court's determination, and it does not appear from the record that the court relied upon that inadmissible evidence in making its determination (*see Michael G.*, 300 AD2d at 1145; *Matter of Sherri M.K.*, 292 AD2d 868 [2002]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.