CRAIG J. MIRAND, Respondent, v LISA M. MIRAND, Appellant. [861 NYS2d 917]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 23, 2007 in a divorce action. The judgment, among other things, awarded plaintiff sole custody of the parties' child and directed defendant to pay child support.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting in part the motion to reject part of the Referee's report, confirming in part the Referee's report and providing that plaintiff is not entitled to a credit for an appraisal of the marital residence, that the 2004 Buick is marital property and that plaintiff shall have a credit in the amount of $46,558.08 and as modified the judgment is affirmed without costs.

Memorandum: On appeal from a judgment in this action for

divorce and ancillary relief, defendant contends that Supreme Court erred in awarding plaintiff sole custody of the parties' child and directing defendant to pay child support. We reject that contention. Great deference is accorded to the court's custody determination where, as here, that determination is based upon the court's assessment of the credibility and character of the parties (*see Wideman v Wideman*, 38 AD3d 1318, 1319 [2007]; *Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101-1102 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]). We conclude that the court's determination has a sound and substantial basis in the record and should not be disturbed (*see Matter of Pinkerton v Pensyl*, 305 AD2d 1113 [2003]; *Matter of Thayer v Ennis*, 292 AD2d 824 [2002]).

Contrary to the further contention of defendant, the court properly confirmed that part of the Referee's report "recommending" that plaintiff shall have a credit in the sum of $54,770.58, representing his contribution of separate property in order to reduce the mortgage on the marital residence and to pay off a second mortgage in its entirety on the marital residence. That contribution retains its separate character and thus is not subject to equitable distribution (*see Moses v Moses*, 231 AD2d 850 [1996]; *Coffey v Coffey*, 119 AD2d 620, 622 [1986]). We agree with defendant, however, that the court erred in confirming that part of the Referee's report "recommending" a credit to plaintiff in the amount of $220, based on his payment for an appraisal of the marital residence. That amount was merely payment for a service, rather than a contribution to the value of the marital residence that plaintiff was entitled to recover. We therefore modify the judgment accordingly.

We also agree with defendant that the court erred in confirming that part of the Referee's report "recommending" that plaintiff be awarded possession of the parties' 2004 Buick as his separate property. That asset was purchased during the marriage and, although plaintiff contributed the majority of its purchase price, defendant transferred title to another vehicle to plaintiff and paid him an additional $2,000. We therefore conclude that the Buick constituted marital property subject to equitable distribution (*see generally* Domestic Relations Law § 236 [B] [1] [c]). The parties concede that the value of the Buick was $20,425 at the time of trial, and we conclude that such amount must be distributed equally between them. Inasmuch as possession of the vehicle was awarded to plaintiff, we reduce the amount of his credit by $8,212.50, i.e., one half of the value of the Buick less the $2,000 that the Referee properly

determined was contributed by defendant as a down payment for the Buick. We therefore further modify the judgment accordingly. Contrary to the further contention of defendant, the court did not abuse its discretion in denying her quantum meruit application for attorneys' fees (*see generally* § 237 [a]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.