■ AMY J. HALLQUIST, Appellant, v CHAUTAUQUA COUNTY et al., Respondents. [879 NYS2d 756]—Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (John T. Ward, A.J.), entered April 28, 2008. The order and judgment, among other things, granted defendants' cross motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for, inter alia, defamation and prima facie tort. We conclude that Supreme Court properly denied plaintiff's motion for leave to serve a second amended complaint and granted defendants' cross motion for summary judgment dismissing the amended complaint. We note at the outset that we need not consider plaintiff's contention that an order of the United States District Court concerning this matter is binding on Supreme Court, inasmuch as Supreme Court did not in fact rely upon that order; rather, it independently determined the merits of the issues raised herein. We further note that defendants contend as an alternative ground for affirmance that Supreme Court was required to dismiss this matter based on the prior federal determination (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). In light of our determination that the court properly granted defendants' cross motion on the merits, we see no reason to address that contention. Indeed, we affirm the order and judgment for reasons stated in the decision at Supreme Court but write only to correct the court's mischaracterization of a prior order issued by this Court in this matter. The court erroneously stated that we previously affirmed an order granting plaintiff custody of the child. In fact, we affirmed an order appointing plaintiff as the guardian of the child (*Matter of Amy H. v Chautauqua County Dept. of Social Servs.*, 13 AD3d 1048 [2004]), but we reversed a separate order granting plaintiff custody of the child, and we remitted the matter to Supreme Court for a hearing to determine the child's best interests (*Matter of Amy H. v Chautauqua County Dept. of Social Servs.*, 13 AD3d 1050 [2004]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.