Contrary to the father's further contention, the court did not abuse its discretion in failing to order a child protective investigation of the mother's home pursuant to Family Court Act § 1034 (1) (b). Here, there was no indication in the petition or during the proceedings that the child was abused, neglected or mistreated in the mother's home (*see Matter of Corrigan v Orosco*, 84 AD3d 955 [2011]). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.

■ In the Matter of MICHELLE M.L., Respondent, v ALBERT A.C., Appellant. (Appeal No. 2.) [932 NYS2d 405]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Lydia C.* (89 AD3d 1434 [2011]). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.

■ In the Matter of NYASIA W., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; CHRISTINE W., Appellant. In the Matter of ARIEL C.W.-H. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; CHRISTINE W., Appellant, et al., Respondent. (Appeal No. 1.) [932 NYS2d 406]—

Same memorandum as in *Matter of Ariel C.W.-H.* (89 AD3d 1438 [2011]). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.

■ In the Matter of NYASIA W., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; CHRISTINE W., Appellant. (Appeal No. 3.) [932 NYS2d 407]—

Same memorandum as in *Matter of Ariel C.W.-H.* (89 AD3d 1438 [2011]). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.

In the Matter of ARIEL C.W.-H., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; CHRISTINE W., Appellant, et al., Respondent. (Appeal No. 2.) [932 NYS2d 646]—

Memorandum: These consolidated appeals arise from combined child protective proceedings pursuant to Family Court Act article 10. In appeal No. 1, respondent mother appeals from an order that modified prior orders of protection to include one of petitioner's caseworkers as a protected party. The order in appeal No. 1 was superseded by the orders of fact-finding and disposition with respect to each of the mother's two youngest children that were entered after the mother filed the notice of appeal. Those orders incorporated orders of protection concerning representatives of petitioner. We therefore conclude that appeal No. 1 must be dismissed (*see generally Matter of Giovanni K.*, 62 AD3d 1242, 1242 [2009], *lv denied* 12 NY3d 715 [2009]). In appeal No. 2, the mother appeals from a decision adjudicating her two youngest children to be neglected. Although no appeal lies from a mere decision (*see Kuhn v Kuhn*, 129 AD2d 967 [1987]), we exercise our discretion to treat the notice of appeal as valid and deem the appeal from the decision as two appeals taken from the orders of fact-finding and disposition with respect to each child (*see generally* CPLR 5520 [c]; *Matter of Morgan P.*, 60 AD3d 1362 [2009]).

The mother failed to preserve for our review her contention that Family Court lacked the authority to impose an order of protection in favor of petitioner's representatives (*see generally Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146 [2007]; *Matter of Barker v Dorman*, 292 AD2d 806 [2002]), and we decline to address that contention in the interest of justice. Contrary to the mother's further contention, the court properly granted petitioner's motion to conform the pleadings to the