# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1138**
**CAF 10-01397**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ARIEL C.W.-H.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CHRISTINE W., RESPONDENT-APPELLANT,
AND DAVID H., RESPONDENT.
(APPEAL NO. 2.)

---

EFTIHIA BOURTIS, ROCHESTER, FOR RESPONDENT-APPELLANT.

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (PATRICIA WOEHRLEN OF COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER, FOR ARIEL C.W.-H.

---

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered October 12, 2010 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, adjudged that respondent neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  These consolidated appeals arise from combined child protective proceedings pursuant to Family Court Act article 10.  In appeal No. 1, respondent mother appeals from an order that modified prior orders of protection to include one of petitioner's caseworkers as a protected party.  The order in appeal No. 1 was superseded by the orders of fact-finding and disposition with respect to each of the mother's two youngest children that were entered after the mother filed the notice of appeal.  Those orders incorporated orders of protection concerning representatives of petitioner.  We therefore conclude that appeal No. 1 must be dismissed (*see generally Matter of Giovanni K.*, 62 AD3d 1242, 1242, *lv denied* 12 NY3d 715).  In appeal No. 2, the mother appeals from a decision adjudicating her two youngest children to be neglected.  Although no appeal lies from a mere decision (*see Kuhn v Kuhn*, 129 AD2d 967), we exercise our discretion to treat the notice of appeal as valid and deem the appeal from the decision as two appeals taken from the orders of fact-finding and disposition with respect to each child (*see generally* CPLR 5520 [c]; *Matter of Morgan P.*, 60 AD3d 1362).

The mother failed to preserve for our review her contention that

Family Court lacked the authority to impose an order of protection in favor of petitioner's representatives (*see generally Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146; *Matter of Barker v Dorman*, 292 AD2d 806), and we decline to address that contention in the interest of justice. Contrary to the mother's further contention, the court properly granted petitioner's motion to conform the pleadings to the proof. The court has the discretion to "amend the allegations to conform to the proof" (Family Ct Act § 1051 [b]), and it is an abuse of discretion to withhold permission for such an amendment " 'unless the opposing party can allege demonstrable and real surprise or prejudice' " (*Matter of Simonds v Kirkland*, 67 AD3d 1481, 1483). Here, the mother conceded that her objection to petitioner's motion to conform the pleadings to the proof was not based upon surprise, and the record establishes that she did not suffer any demonstrable prejudice when the court conformed the pleadings to the proof and considered evidence concerning events that occurred subsequent to the filing of the neglect petitions.

We reject the mother's contention that petitioner failed to establish that she neglected the subject children. The mother's neglect of those children may be established by evidence that she previously neglected another child, coupled with "evidence that [she] failed to address the mental health issues that led to [the prior] neglect determination[]" (*Matter of Sasha M.*, 43 AD3d 1401, 1402; *see* Family Ct Act § 1046 [a] [i]; *Matter of Krystal J.*, 267 AD2d 1097). In this case, the mother's parental rights were terminated with respect to one of her older children on the ground of mental illness during the neglect proceedings concerning the subject children. These neglect proceedings were also based on a theory that the mother was unable to care for the subject children because of her untreated mental illness. Inasmuch as the record contains evidence indicating that the mother continued to experience mental health problems related to her schizophrenia and had been hospitalized twice for mental health-related issues after her parental rights with respect to the older child were terminated, we conclude that the court's neglect determination with respect to the subject children is supported by the requisite preponderance of the evidence (*see* § 1046 [b] [i]; *see generally Sasha M.*, 43 AD3d at 1402; *Krystal J.*, 267 AD2d 1097).

Entered:  November 10, 2011                                    Patricia L. Morgan
                                                              Clerk of the Court