■ In the Matter of TERRENCE G., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRENCE M.M., Respondent, and YVONNE C.G., Appellant. [951 NYS2d 309]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered March 17, 2011 in a proceeding pursuant to Family Court Act article 10. The order granted the motion of petitioner for summary judgment with respect to Yvonne C.G.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 alleging, inter alia, that respondent mother derivatively neglected the subject child based upon her alleged use of opiates and her prior neglect of her other children. Initially, we note that the mother's notice of appeal recites that she is appealing from an "Order of Dismissal" entered March 17, 2011. Although no document with that title appears in the record, there is in fact a document entitled "Order on Motion #2" that grants summary judgment on the petition in favor of petitioner and against the mother, and it is entered on that date. Furthermore, the mother contends on appeal that Family Court erred in granting petitioner's motion for summary judgment. Therefore, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the "Order on Motion #2" granting summary judgment to petitioner (*see generally* CPLR 5520 [c]; *Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1438 [2011]).

Although it is well settled that summary judgment may be appropriate in the context of a Family Court Act article 10 proceeding (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]), the movant bears the burden of establishing its entitlement to the relief sought as a matter of law and eliminating all triable issues of fact (*see Matter of Devon B.*, 37 AD3d 1120, 1120-1121 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We agree with the mother that the court erred in granting petitioner's motion for summary judgment. In support of its motion, petitioner attached only a petition and a psychological assessment from a termination of parental rights proceeding involving one of the mother's other children, without any evidence establishing the outcome of that proceeding. Although the court indicated its familiarity with the prior proceedings involving the mother's other children, the record before us is silent with regard to those proceedings. Consequently, based on the record before us, we conclude that there are triable issues of

fact that preclude summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Smith, Centra, Lindley and Martoche, JJ.