# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1002**
**CAF 11-00799**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF TERRENCE G.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

TERRENCE M.M., RESPONDENT,
AND YVONNE C.G., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR TERRENCE
G.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered March 17, 2011 in a proceeding pursuant to
Family Court Act article 10. The order granted the motion of
petitioner for summary judgment with respect to Yvonne C.G.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum: Petitioner commenced this neglect proceeding
pursuant to Family Court Act article 10 alleging, inter alia, that
respondent mother derivatively neglected the subject child based upon
her alleged use of opiates and her prior neglect of her other
children. Initially, we note that the mother's notice of appeal
recites that she is appealing from an "Order of Dismissal" entered
March 17, 2011. Although no document with that title appears in the
record, there is in fact a document entitled "Order on Motion #2" that
grants summary judgment on the petition in favor of petitioner and
against the mother, and it is entered on that date. Furthermore, the
mother contends on appeal that Family Court erred in granting
petitioner's motion for summary judgment. Therefore, we exercise our
discretion to treat the notice of appeal as valid and deem the appeal
as taken from the "Order on Motion #2" granting summary judgment to
petitioner (*see generally* CPLR 5520 [c]; *Matter of Ariel C.W.-H.
[Christine W.]*, 89 AD3d 1438, 1438).

Although it is well settled that summary judgment may be
appropriate in the context of a Family Court Act article 10 proceeding

(*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183), the movant bears the burden of establishing its entitlement to the relief sought as a matter of law and eliminating all triable issues of fact (*see Matter of Devon B.*, 37 AD3d 1120, 1120-1121; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We agree with the mother that the court erred in granting petitioner's motion for summary judgment.  In support of its motion, petitioner attached only a petition and a psychological assessment from a termination of parental rights proceeding involving one of the mother's other children, without any evidence establishing the outcome of that proceeding.  Although the court indicated its familiarity with the prior proceedings involving the mother's other children, the record before us is silent with regard to those proceedings.  Consequently, based on the record before us, we conclude that there are triable issues of fact that preclude summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court