# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1238**

**CA 13-00478**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

PATRICIA M. SUPPA, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

FRANK J. SUPPA, DEFENDANT-APPELLANT.

---

GETNICK, LIVINGSTON, ATKINSON & PRIORE, LLP, UTICA (THOMAS L. ATKINSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

THOMAS F. O'BRIEN, CLINTON, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Oneida County (Joan E. Shkane, A.J.), entered December 3, 2012 in a divorce action. The judgment, among other things, dissolved the marriage between the parties and determined the equitable distribution of the marital assets.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from a judgment of divorce that, inter alia, distributed marital property, defendant contends that Supreme Court erred in finding that he committed fraud because the court failed to set forth any basis for that finding. We reject that contention. The basis for that finding is set forth in the court's findings of fact, which are supported by the record, i.e., that defendant agreed to add plaintiff's name to his bank accounts containing a certain amount of money in exchange for plaintiff adding his name to the deed of her separate property, but that defendant withdrew those funds from the bank accounts the following week. While we agree with defendant that the court erred in considering whether to impose a constructive trust because defendant did not seek that remedy, we reject his contention that the court's decision on equitable distribution was flawed as a result of its mere consideration of such a remedy.

Contrary to defendant's contention, the court's valuation of the marital home was appropriate. The value was within the range of values provided by the parties' experts (*see generally Atwal v Atwal* [appeal No. 2], 270 AD2d 799, 799, *lv denied* 95 NY2d 761; *Francis v Francis*, 262 AD2d 1065, 1066). Inasmuch as defendant did not establish that the value of the marital home increased as a result of his work on the property, the court did not err in failing to provide defendant with a credit for that work (*see Vanyo v Vanyo*, 79 AD3d

1751, 1751-1752; *Juhasz v Juhasz*, 59 AD3d 1023, 1024-1025, *lv dismissed* 12 NY3d 848).  In addition, the court properly held that defendant did not establish that the cost of the improvements to the home were made from separate as opposed to marital funds (*see Reed v Reed*, 55 AD3d 1249, 1250).  Indeed, defendant testified that the household expenses were paid from one account and that at least some of plaintiff's income as well as his income was deposited in that account.  The court credited defendant with the down payment he made on the house from his separate property, but properly declined to credit defendant with his payment toward the closing costs because those expenses were not a part of the home's value (*see generally Mirand v Mirand*, 53 AD3d 1149, 1150).

The court properly exercised its discretion in awarding plaintiff approximately half the amount of her counsel fees.  Defendant contends that plaintiff had enough income and assets to pay her own counsel fees, but we note that there is no requirement that a party must demonstrate an inability to pay (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).  Indeed, defendant failed to rebut the presumption that the less monied spouse is entitled to counsel fees (*see* Domestic Relations Law § 237 [a]; *Leonard v Leonard*, 109 AD3d 126, 129-130).  The circumstances of the case, including the relative merit of the parties' positions, support the award (*see Blake v Blake* [appeal No. 1], 83 AD3d 1509, 1509; *see generally DeCabrera*, 70 NY2d at 881).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court