# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**98**

**CAF 14-01133**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF DANIELLE R. LADD,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MATTHEW F. KRUPP, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.

MICHAEL G. CIANFARANO, OSWEGO, FOR PETITIONER-RESPONDENT.

KRISTIN A. SHANLEY, ATTORNEY FOR THE CHILD, OSWEGO.

---------------------------------------------------------------------------------------------------------------

Appeal from an amended order of the Family Court, Oswego County (Donald E. Todd, A.J.), entered February 5, 2014 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, awarded petitioner sole legal and physical custody of the subject child, with visitation to respondent.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an amended order that, among other things, awarded petitioner mother sole legal and physical custody of the subject child, with visitation to the father. We note at the outset that the father contends that the mother was required to establish that there was a significant change in circumstances since the date of entry of the prior custody order, i.e., February 5, 2013, rather than from the date of the court appearance underlying that order, i.e., July 19, 2012. According to the father, the mother supported her petition with evidence of events occurring prior to February 5, 2013 and thus failed to meet her burden. Even assuming, arguendo, that the father is correct that the mother was required to establish "that a significant change in circumstances occurred since the entry of the . . . custody order" (*Matter of Drew v Gillin*, 17 AD3d 719, 720; *see Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146), rather than from the date of the court appearance upon which the order was based (*see generally Matter of Giambattista v Giambattista*, 154 AD2d 920, 921), we conclude that the mother established the requisite change in circumstances subsequent to the entry of the prior order. It is well settled that "the continued deterioration of the parties' relationship is a significant change in

circumstances justifying a change in custody" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790; *see Lauzonis v Lauzonis*, 120 AD3d 922, 924).  Here, the evidence at the hearing established that "the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their child[], and it is well settled that joint custody is not feasible under those circumstances" (*Leonard v Leonard*, 109 AD3d 126, 128).  Thus, Family Court properly concluded that there had been a sufficient change in circumstances justifying a review of the preexisting custody arrangement.

Contrary to the father's further contention, the court properly considered the appropriate factors in making its custody determination (*see generally Matter of Caughill v Caughill*, 124 AD3d 1345, 1346).  The court's determination with respect to the child's best interests "is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record" (*Sheridan v Sheridan*, 129 AD3d 1567, 1568; *see Fox v Fox*, 177 AD2d 209, 211-212).  Here, the evidence in the record supports the court's determination that the mother had attempted to foster a relationship between the father and the child, while the father interfered with the mother's relationship with the child by, inter alia, blatantly and repeatedly violating the court's directive not to discuss the litigation with the child, repeatedly telling the child that the mother was irresponsible and unintelligent, and limiting the mother's access to the child or placing absurd restrictions on such access.  It is well settled that a " 'concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127; *see Matter of Avdic v Avdic*, 125 AD3d 1534, 1536; *Matter of Orzech v Nikiel*, 91 AD3d 1305, 1306).

The father withdrew his request that the court recuse itself and thus failed to preserve for our review his contention that the court should have recused itself (*see generally Matter of Rath v Melens*, 15 AD3d 837, 837).  In any event, that contention is without merit. " 'Where, as here, there is no allegation that recusal is statutorily required . . . , the matter of recusal is addressed to the discretion and personal conscience of the [judge] whose recusal is sought' " (*Kern v City of Rochester*, 217 AD2d 918, 918; *see Matter of Nunnery v Nunnery*, 275 AD2d 986, 987).

We have considered the father's remaining contention, and we conclude that it is without merit.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court