Matter of Mattice v Palmisano (2018 NY Slip Op 01760)





Matter of Mattice v Palmisano


2018 NY Slip Op 01760


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


255 CAF 16-01814

[*1]IN THE MATTER OF BRIANA ELIZABETH MATTICE, PETITIONER-RESPONDENT,
v
JOSEPH M. PALMISANO, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-RESPONDENT.
DOUGLAS M. DEMARCHÉ, JR., NEW HARTFORD, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered September 21, 2016 in a proceeding pursuant to Family Court Act article 6. The order granted the petition of petitioner seeking to modify a prior custody and visitation order by awarding her sole legal and primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner father contends in appeal No. 1 that Family Court erred in granting the petition of petitioner-respondent mother seeking to modify a prior custody and visitation order by awarding the mother sole legal and primary physical custody of the subject child, and he contends in appeal No. 2 that the court erred in dismissing his cross petition seeking to modify that prior custody and visitation order by awarding him primary physical custody of the child while maintaining joint legal custody.
Contrary to the father's contention in each appeal, "the orders therein do not lack the essential jurisdictional predicate of [the father's] consent' to have the matters heard and decided by the Referee" (Matter of Johnson v Streich-McConnell, 66 AD3d 1526, 1527 [4th Dept 2009]). The record establishes that the father and his attorney previously signed a stipulation permitting a referee or judicial hearing officer to hear and determine the issues involved in these proceedings, as well as all future proceedings concerning this matter, i.e., custody of and visitation with the child (see Matter of Johnson v Prichard, 137 AD3d 1617, 1617 [4th Dept 2016], lv denied 28 NY3d 902 [2016]; Johnson, 66 AD3d at 1527; cf. Matter of Osmundson v Held-Cummings, 306 AD2d 950, 950-951 [4th Dept 2003]). To the extent that the father's further jurisdictional challenge is properly before us, we conclude that it lacks merit (see generally Matter of Phelps v Hunter, 101 AD3d 1689, 1689-1690 [4th Dept 2012], lv denied 20 NY3d 862 [2013]).
The father contends in appeal No. 1 that the mother failed to establish the requisite change in circumstances subsequent to the entry of the prior order. We reject that contention. "It is well settled that the continued deterioration of the parties' relationship is a significant change in circumstances justifying a change in custody' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]). We conclude that the court properly concluded that there had been a sufficient change in circumstances inasmuch as "the evidence at the hearing established that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their child[ ], and it is well settled that joint custody is not feasible under those circumstances' " (id.).
The father further contends with respect to both appeals that, even if the requisite change in circumstances occurred, the court erred in granting the mother's petition for sole legal and primary physical custody of the child and instead should have granted his cross petition seeking primary physical custody while maintaining joint legal custody. We also reject that contention. "The court's determination with respect to the child's best interests is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record' " (id. at 1393; see Williams v Williams, 100 AD3d 1347, 1348 [4th Dept 2012]).
Finally, the father failed to preserve for our review his contention in each appeal that reversal is warranted because the court was biased against him, inasmuch as "he failed to make a motion asking the court to recuse itself" (Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). In any event, we conclude that the father's contention lacks merit inasmuch as " [t]he record does not establish that the court was biased or prejudiced against [him]' " (Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1343 [4th Dept 2017]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court