Matter of Capobianco v Capobianco (2018 NY Slip Op 04209)





Matter of Capobianco v Capobianco


2018 NY Slip Op 04209


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


695 CAF 17-00626

[*1]IN THE MATTER OF JOSEPH N. CAPOBIANCO, PETITIONER-APPELLANT,
v
MICHELLE A. CAPOBIANCO, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-APPELLANT. 
NORMAN P. DEEP, CLINTON, FOR RESPONDENT-RESPONDENT. 
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered February 28, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that modified a prior joint custody order by awarding respondent mother sole legal custody of the subject child, with visitation to the father. Although both the father and the mother petitioned for sole custody of the child, the father now contends for the first time on appeal that Family Court erred in failing to continue joint custody. That contention therefore is not properly before us (see Matter of Voorhees v Talerico, 128 AD3d 1466, 1467 [4th Dept 2015], lv denied 25 NY3d 915 [2015]). We nevertheless conclude that " the evidence at the hearing established that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their child[ ], and it is well settled that joint custody is not feasible under those circumstances' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]). We note that the father does not dispute on appeal that the court, having found that an award of sole custody was warranted, properly determined that it was in the best interests of the child for the mother to be the custodial parent (see generally id. at 1392-1393). Instead, the father further contends only that the court erred in failing to award him additional visitation time with the child. Contrary to the father's contention, the visitation schedule ordered by the court is supported by a sound and substantial basis in the record (see Matter of Golda v Radtke, 112 AD3d 1378, 1378 [4th Dept 2013]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court