Murray v Murray (2020 NY Slip Op 00788)





Murray v Murray


2020 NY Slip Op 00788


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1297 CA 19-00381

[*1]KEVIN MURRAY, PLAINTIFF-RESPONDENT,
v
KATERI MURRAY, DEFENDANT-APPELLANT. 






TINA M. HAWTHORNE, BUFFALO, FOR DEFENDANT-APPELLANT.
FERON POLEON, LLP, AMHERST (KELLY A. FERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
KRISTIN L. ARCURI, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered August 29, 2018. The order, inter alia, granted sole custody of the subject children to plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant mother appeals from an order modifying a prior custody and visitation order by, inter alia, awarding plaintiff father sole custody of the parties' children.
We reject the mother's contention that Supreme Court erred in finding that the father established a change in circumstances from the prior order of custody and visitation. "A party seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interests of the child[ren]" (Matter of Foster v Foster, 128 AD3d 1381, 1381 [4th Dept 2015], lv denied 26 NY3d 901 [2015] [internal quotation marks omitted]). Here, the father established the requisite change in circumstances based on the parties' heightened inability "to communicate in a manner conducive to sharing joint custody" (Matter of Unczur v Welch, 159 AD3d 1405, 1406 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; see Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]) and the mother's violation of a prior order of the court (see generally Matter of Moreno v Elliott, 170 AD3d 1610, 1611 [4th Dept 2019]). Contrary to the mother's further contention, we conclude that a sound and substantial basis exists in the record to support the court's determination that an award of sole custody to the father is in the best interests of the children (see generally id.).
We have reviewed the mother's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court