Matter of Dante S. (Kathryne T.) (2020 NY Slip Op 01988)





Matter of Dante S. (Kathryne T.)


2020 NY Slip Op 01988


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


213 CAF 18-00749

[*1]IN THE MATTER OF DANTE S. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT;
and
KATHRYNE T. AND TIMOTHY S., RESPONDENTS-APPELLANTS. (APPEAL NO. 2.)






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT KATHRYNE T.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT TIMOTHY S.
REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT. 
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Chautauqua County (Michael F. Griffith, A.J.), entered January 26, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, continued the subject child's placement with petitioner. 
It is hereby ORDERED that said appeal of respondent Kathryne T. from the order insofar as it concerns disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent mother and respondent father each appeal from an order entered after a fact-finding hearing that found that the subject child, their youngest, had been derivatively neglected (see Family Ct Act § 1012 [f] [i] [B]). In appeal No. 2, respondents each appeal from an order of disposition that, inter alia, determined that it would be in the child's best interests to remain in the care of petitioner.
Respondents' appeals from the order in appeal No. 1 must be dismissed inasmuch as the appeals from the dispositional order in appeal No. 2 bring up for review the propriety of the fact-finding order in appeal No. 1 (see Matter of Jaime D. [James N.] [appeal No. 2], 170 AD3d 1524, 1525 [4th Dept 2019], lv denied 34 NY3d 901 [2019]).
Contrary to the respondents' contentions in appeal No. 2, we conclude that the court properly determined that the subject child is a derivatively neglected child. Petitioner presented evidence that two of respondents' other children were determined to be neglected children (see Matter of Amber C., 38 AD3d 538, 540 [2d Dept 2007], lv denied 8 NY3d 816 [2007], lv dismissed 11 NY3d 728 [2008]; see generally Family Ct Act § 1046 [a] [i]), as well as evidence of respondents' inability to make consistent changes regarding their self-prioritizing, their continued failure to manage daily living without the assistance of third-parties, and their ongoing mental health issues (see Matter of Ariel C.W.-H. [Christine W.], 89 AD3d 1438, 1439 [4th Dept 2011]). Petitioner further established that
" the neglect . . . of the child's older siblings was so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed' " (Matter of Burke H. [Tiffany H.], 117 AD3d 1568, 1568 [4th Dept 2014]; see Matter of Sasha M., 43 AD3d 1401, 1402 [4th Dept 2007]). Thus, contrary to respondents' contentions, there was sufficient evidence to establish that respondents derivatively neglected the subject child inasmuch as
" the evidence of . . . neglect of [the older] child[ren] indicates a fundamental defect in [the parents'] understanding of the duties of parenthood . . . or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [their] care' " (Matter of [*2]Jacob W. [Jermaine W.], 170 AD3d 1513, 1514 [4th Dept 2019], lv denied 33 NY3d 906 [2019]).
The mother further contends on her appeal that the court erred in continuing the child's placement with petitioner. The mother's appeal from the order in appeal No. 2 insofar as it concerns the disposition must be dismissed as moot, however, because that part of the order has expired by its terms (see Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1136 [4th Dept 2013]).
We have considered the father's remaining contentions on his appeal and conclude that none warrants reversal or modification of the order in appeal No. 2.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court