In the Matter of RICHARD C.T., SR., Respondent, v HELEN R.G., Appellant. [830 NYS2d 424]—

Appeal from an order of the Family Court, Allegany County (James E. Euken, J.), entered December 21, 2005 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, transferred sole custody of the parties' youngest child from respondent to petitioner, with visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted the petition seeking to modify the parties' existing custody arrangement by transferring sole custody of the parties' youngest child from respondent to petitioner, with visitation to respondent. The court's determination that an award of sole custody to petitioner is in the best interests of the child is entitled to great deference and will not be disturbed where, as here, it has a sound and substantial basis in the record (*see Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]; *Sorce v Sorce*, 16 AD3d 1077 [2005]; *Matter of Thayer v Ennis*, 292 AD2d 824, 825 [2002]). We conclude that respondent is less fit than petitioner as a parent (*see Thayer*, 292 AD2d at 825; *Mat-*

*ter of Quarantillo v Grainge*, 272 AD2d 994 [2000]), particularly in view of the evidence at the hearing on the petition that respondent allowed the child to have contact with a convicted sex offender. We further conclude that respondent is less able than petitioner to provide for the child's stability and physical, medical, educational, moral, and emotional well-being (*see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1102 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114; *Matter of Autumn R.F. v Randy R.P.*, 255 AD2d 910, 911 [1998]). Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.