# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**37**

**CAF 10-01639**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF DANTE P., RESPONDENT-APPELLANT.

------------------------------------------------   MEMORANDUM AND ORDER

ERIE COUNTY ATTORNEY, PETITIONER-RESPONDENT.

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR RESPONDENT-APPELLANT.

CHERYL A. GREEN, COUNTY ATTORNEY, BUFFALO (MICHAEL J. LISZEWSKI OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Family Court, Erie County (Paul G. Buchanan, J.), entered October 21, 2010 in a proceeding pursuant to Family Court Act article 3. The amended order adjourned the petition in contemplation of dismissal.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to article 3 of the Family Court Act, alleging that respondent and other juveniles committed acts that, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). Respondent appeals from an order that, inter alia, granted an adjournment in contemplation of dismissal (ACD) of the proceeding upon the condition that he pay $800 as restitution for damage to the vehicle that he and the other juveniles used. We note at the outset that the order was superseded by a subsequent amended order, from which no appeal was taken. In the exercise of our discretion, however, we treat the notice of appeal as valid and deem the appeal as taken from the amended order (*see Matter of Steven M.*, 37 AD3d 1072; *see also* CPLR 5520 [c]). Further, we conclude that the appeal is not moot inasmuch as the ACD has been extended by a subsequent order of Family Court.

Contrary to respondent's contention, the court did not abuse its discretion in ordering restitution as a condition of the ACD (*see generally* Family Ct Act § 315.3 [1]; 22 NYCRR 205.24 [a]). Respondent accepted the ACD, which the court unequivocally conditioned upon payment of restitution. Furthermore, the testimony of the victim regarding the damage to his vehicle arising from its use by respondent and the other juveniles was sufficient to warrant the imposition of restitution (*cf. Matter of David N.*, 97 AD2d 980).

Respondent failed to preserve for our review his further contention that the court was required to consider his ability to pay before ordering him to pay restitution, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Matter of Arceny H.*, 59 AD3d 262; *see generally Matter of George N.B.*, 57 AD3d 1456, *lv denied* 12 NY3d 706; *Matter of Yadiel Roque C.*, 17 AD3d 1168).

Entered: February 10, 2011                              Patricia L. Morgan
                                                        Clerk of the Court