# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**375**
**CAF 10-00743**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF RICHARD YELTON, JR.,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

BRANDIE L. FROELICH, RESPONDENT-APPELLANT.

---

JOHN T. NASCI, ROME, FOR RESPONDENT-APPELLANT.

GEORGE C. MURAD, UTICA, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Oneida County (John E. Flemma, J.H.O.), entered March 15, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary physical custody of the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, modified the parties' existing custody arrangement, to which the parties had stipulated, by awarding primary physical custody of the parties' children to petitioner father. We reject the mother's contention that the father failed to make the requisite showing of a change in circumstances to warrant alteration of the existing arrangement, pursuant to which she had primary physical custody. "[A]n existing [custody] arrangement that is based upon a stipulation of the parties is entitled to less weight than a disposition after a plenary trial . . ., and here there was a sufficient change in circumstances to warrant a modification of the existing custody arrangement" (*Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126 [internal quotation marks omitted]). The record establishes that, after the parties entered into the stipulation, the mother changed jobs and moved several times, requiring the children to change school districts. In addition, the mother left the children for three months to explore employment opportunities in Florida and to spend time with her boyfriend there, and she transferred her professional license as a certified nurse assistant to Florida, thus jeopardizing her ability to obtain employment in New York. Those changed circumstances, along with the evidence presented at the hearing on the father's custody petition that his residence and employment remained consistent since the time of the stipulation and that the children thrived in his care, "constitute the requisite evidentiary showing of a 'change of circumstances warranting a reexamination of the existing

custody arrangement' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225).

Entered: March 25, 2011

Patricia L. Morgan
Clerk of the Court