# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**920.2**
**CAF 12-00317**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF KERENSA CRUDELE, FORMERLY
KNOWN AS KERENSA WELLS, PETITIONER-APPELLANT,

                  V                          MEMORANDUM AND ORDER

BRIAN WELLS, RESPONDENT-RESPONDENT.
(APPEAL NO. 2.)

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
PETITIONER-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY L. TURNER OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

MARYBETH D. BARNET, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR HAYDEN W.

---

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered November 30, 2011 in a proceeding pursuant to Family Court Act article 6. The order granted the parties' respective motions for leave to reargue with respect to the prior custody order entered October 31, 2011 and, upon reargument, directed inter alia that the parties' child attend school in the Pittsford School District.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this Family Court Act article 6 proceeding seeking a modification of the custody provisions in the parties' judgment of divorce by awarding her sole custody of the parties' child. Respondent father also filed a petition seeking sole custody and later amended that petition to request an order directing the child to attend school in the Pittsford School District. The father thereafter withdrew that part of the amended petition seeking sole custody. By the order in appeal No. 1, Family Court dismissed the mother's petition (prior order) and, in its decision, stated that, had the father not withdrawn his amended petition, it would have determined that the child should attend Pittsford schools. By the order in appeal No. 2, the court granted the parties' respective motions for leave to reargue with respect to the prior order. Upon reargument, the court noted that the father did not intend to withdraw that part of the amended petition seeking a determination regarding where the child should attend school, and thus directed that the child attend Pittsford schools. We note at the

outset that the mother's appeal from the order in appeal No. 1 must be dismissed inasmuch as that order was, in effect, superseded by the order in appeal No. 2 (*see generally Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985).

We reject the mother's contention that she established a change in circumstances warranting an award of sole custody of the child to her.  "It is well settled that [a] party seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704 [internal quotation marks omitted]; *see Matter of Maher v Maher*, 1 AD3d 987, 988-989).  Here, although the mother testified that the father was responsible for a complete breakdown in communication between them, she stipulated to the admission in evidence of the report of the court-appointed psychologist, wherein the psychologist opined that the child was doing well under the current custody arrangement and that the issues between the parties were not insurmountable.

We further reject the mother's contention that the court erred in determining that it was in the child's best interests to attend Pittsford schools.  It is well established that a trial court's determination of a child's best interests shall be accorded great weight and "will not be disturbed if it has a sound and substantial basis in the record" (*Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *see generally Matter of Green v Bontzolakes*, 83 AD3d 1401, 1402, *lv denied* 17 NY3d 703).  Although the court appears to have accorded significant weight to New York State Department of Education data on the merits of the Pittsford schools, the court also heard evidence from the parties and an expert witness that provided a sound and substantial basis for the court's determination that the child's best interests would be served by her attending Pittsford schools.

Finally, we have reviewed the mother's remaining contentions and conclude that they lack merit.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court