# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**952**

**CAF 12-01023**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF KEITH A. WEEKLEY,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

SARAH A. WEEKLEY, RESPONDENT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

SOUTHERN TIER LEGAL SERVICES, A DIVISION OF LEGAL ASSISTANCE OF
WESTERN NEW YORK, INC., OLEAN (JEFFREY M. REED OF COUNSEL), FOR
PETITIONER-RESPONDENT.

WENDY A. TUTTLE, ATTORNEY FOR THE CHILD, ALLEGANY.

---

Appeal from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered May 24, 2012 in a proceeding pursuant
to Family Court Act article 6.  The order, among other things,
designated petitioner as the primary residential parent of the subject
child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to article 6 of the
Family Court Act, respondent mother appeals from an order that,
following a hearing, granted petitioner father's petition seeking to
modify a prior order awarding primary physical custody of the parties'
child to the mother by awarding him primary physical custody.  The
order also, inter alia, prohibited all contact between the mother's
live-in fiancé, a level one sex offender, and the child.  We affirm.

The mother failed to preserve for our review her contention that
statements made by her fiancé to his counselor were privileged and
therefore should not have been the subject of testimony during the
hearing (*see generally Kuo Feng Corp. v Ma*, 248 AD2d 168, 169, *appeal
dismissed* 92 NY2d 845, *lv denied* 92 NY2d 809; *Rossignol v Silvernail*,
185 AD2d 497, 500, *lv denied* 80 NY2d 760).  In any event, that
contention is without merit inasmuch as the record reflects that the
mother's fiancé authorized his counselor to disclose privileged
communications (*see* CPLR 4508 [a] [1]).  Contrary to the mother's
further contention, Family Court properly permitted her fiancé's
counselor to testify concerning the underlying facts of her fiancé's

sexual abuse conviction, which were disclosed by her fiancé during counseling sessions.  That testimony did not constitute inadmissible hearsay because it was not offered for the truth of the matters asserted therein, and it was relevant to, inter alia, the mother's state of mind (*see Matter of Noemi D.*, 43 AD3d 1303, 1304, *lv denied* 9 NY3d 814; *see generally Matter of Mateo v Tuttle*, 26 AD3d 731, 732). The mother's contention that the court erred in admitting testimony to the effect that her fiancé had been charged with the crime of sexual abuse involving a different victim is unpreserved for our review and, in any event, is without merit.

Finally, we conclude that, contrary to the further contention of the mother, the court's determination that it is in the best interests of the child to award primary physical custody to the father is supported by a sound and substantial basis in the record (*see Matter of Crudele v Wells* [appeal No. 2], 99 AD3d 1227, 1228).  The court considered various factors and determined that the father was better able to provide for the child's emotional and intellectual development, as well as the child's medical, educational, and financial needs, and the record supports the court's determinations with respect to those factors (*see generally Fox v Fox*, 177 AD2d 209, 210).  In addition, the court properly weighed against the mother the fact that she resided with a sex offender and permitted him to have unsupervised contact with the child (*see Matter of Albert T. v Wanda H.*, 43 AD3d 1320, 1321; *Matter of Richard C.T. v Helen R.G.*, 37 AD3d 1118, 1118-1119).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court