# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1319**
**CAF 12-02281**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DWAYNE CROSS,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

DANIELLE M. CASWELL, RESPONDENT-APPELLANT.
-------------------------------------------
IN THE MATTER OF DANIELLE M. CASWELL,
PETITIONER-APPELLANT,

V

DWAYNE CROSS, RESPONDENT-RESPONDENT.

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

STEVEN R. FORTNAM, ATTORNEY FOR THE CHILD, WESTMORELAND.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered November 9, 2012 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded the parties joint custody of their daughter with primary physical residence to petitioner-respondent, Dwayne Cross.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent-petitioner mother appeals from an order that, inter alia, awarded the parties joint custody of their daughter with primary physical residence to petitioner-respondent father. The mother contends that Family Court's determination is not in the child's best interests and that we should award her sole custody with reasonable visitation to the father. We affirm. In making a custody determination, "the court must consider all factors that could impact the best interests of the child . . . , including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695; *see Eschbach v Eschbach*, 56 NY2d 167, 172-174).

Here, although there are several factors that militate in favor of awarding custody to the mother, we conclude that the court's determination that it is in the best interests of the child to award primary physical custody to the father is supported by a sound and substantial basis in the record (*see Matter of Weekley v Weekley*, 109 AD3d 1177, 1178; *Matter of Crudele v Wells* [appeal No. 2], 99 AD3d 1227, 1228). We note at the outset that we afford "great deference" to the determination of the hearing court (*Matter of Goossen v Goossen*, 72 AD3d 1591, 1591), with its "superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625). As the court found, the father can provide a more stable home environment for the child than the mother. He owns a four-bedroom home and is gainfully employed, while the mother is unemployed and has resided in at least four different apartments since separating from the father. One of the mother's apartments had a problem with mice and her current residence has only one bedroom. In addition, the father has custody of the parties' other child, and there is a preference for keeping siblings together (*see Eschbach*, 56 NY2d at 173). Furthermore, it is undisputed that, while the child was residing with the mother after the parties separated, the mother ran out of money and food on several occasions and had to ask the father for assistance, and the mother had her furniture repossessed while this proceeding was pending.

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court