# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

590
CAF 13-01114
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STEVEN J. EASTMAN,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

LISA M. EASTMAN, RESPONDENT-APPELLANT.
-------------------------------------------
IN THE MATTER OF LISA M. EASTMAN,
PETITIONER-APPELLANT,

V

STEVEN J. EASTMAN, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

SCOLARO, FETTER, GRIZANTI, MCGOUGH & KING, P.C., SYRACUSE (AMY B.
EGITTON OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

SUSAN A. SOVIE, ATTORNEY FOR THE CHILD, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered September 18, 2012 in a proceeding
pursuant to Family Court Act article 6.  The order, among other
things, ordered that the parties shall have joint legal custody of the
subject child and that primary residence will be with Steven J.
Eastman.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent-petitioner mother appeals from an order
that, inter alia, modified a judgment of divorce incorporating the
parties' separation agreement by transferring primary physical custody
of the parties' child from the mother to petitioner-respondent father.
Initially, although we agree with the mother that Family Court failed
to state whether there was a change in circumstances to warrant a
change in the existing arrangement, we note that the court's written
decision "reveals extensive findings of fact . . . which demonstrate
unequivocally that a significant change in circumstances occurred
since the entry of the [prior judgment]" (*Matter of Murphy v Wells*,
103 AD3d 1092, 1093, *lv denied* 21 NY3d 854 [internal quotation marks

omitted]). Specifically, the mother moved several times, including one move three hours away from the father, to South Glens Falls, and we therefore conclude that there was a sufficient change in circumstances to warrant a modification of the existing custody arrangement (*see Matter of Yelton v Froelich*, 82 AD3d 1679, 1679).

The mother contends that the court's determination to award primary physical custody to the father is not in the child's best interests. We reject that contention and conclude that the court's determination is supported by a sound and substantial basis in the record (*see Matter of Cross v Caswell*, 113 AD3d 1107, 1107; *Matter of Stearns v Crawford*, 112 AD3d 1325, 1326, *lv denied* 22 NY3d 865; *Matter of Weekley v Weekley*, 109 AD3d 1177, 1178). Although the mother had moved back to Sherrill from South Glens Falls at the time of the hearing, the record supports the court's determination that the mother's various relocations had been made to further her own interests, rather than to benefit the child. There was testimony that the child, who has Down syndrome, would benefit from a stable home environment, which the father could better provide (*see Cross*, 113 AD3d at 1107-1108).

Finally, the mother contends that the Attorney for the Child (AFC) improperly substituted her judgment for that of the child. That contention is not preserved for our review because the mother did not move to remove the AFC (*see Matter of Mason v Mason*, 103 AD3d 1207, 1207-1208). In any event, the mother's contention lacks merit. The record supports a finding that the child, who was seven years old at the conclusion of the hearing and functioned at a kindergarten level, "lack[ed] the capacity for knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]; *see Mason*, 103 AD3d at 1208).

Entered: June 13, 2014                          Frances E. Cafarell
                                                Clerk of the Court