# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1009**

**CAF 13-00284**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LINDA VAN DYKE,
PETITIONER-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

TRACY COLE, RESPONDENT-RESPONDENT-APPELLANT,
AND SERIE COLE, RESPONDENT-RESPONDENT.
-----------------------------------------------
IN THE MATTER OF SERIE COLE,
PETITIONER-RESPONDENT,

V

TRACY COLE, RESPONDENT-RESPONDENT-APPELLANT,
AND LINDA VAN DYKE,
RESPONDENT-APPELLANT-RESPONDENT.
-----------------------------------------------
IN THE MATTER OF TRACY COLE,
PETITIONER-RESPONDENT-APPELLANT,

V

LINDA M. VAN DYKE,
RESPONDENT-APPELLANT-RESPONDENT,
AND SERIE COLE, RESPONDENT-RESPONDENT.

---

EMILY A. VELLA, SPRINGVILLE, FOR PETITIONER-APPELLANT-RESPONDENT AND
RESPONDENT-APPELLANT-RESPONDENT.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-RESPONDENT-APPELLANT AND PETITIONER-RESPONDENT-
APPELLANT TRACY COLE.

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR
RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT SERIE COLE.

WENDY G. PETERSON, ATTORNEY FOR THE CHILD, OLEAN.

---

Appeals from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered January 2, 2013 in proceedings
pursuant to Family Court Act article 6.  The order, among other
things, granted Linda Van Dyke and Serie Cole joint custody of the
subject child and designated Serie Cole as the primary residential
parent.

It is hereby ORDERED that said appeal taken by Tracy Cole is unanimously dismissed, the appeal taken by Linda Van Dyke insofar as it concerns primary residential custody and visitation is dismissed, and the order is otherwise affirmed without costs.

Memorandum:  In February 2009, petitioners Linda Van Dyke (mother), Tracy Cole (father), and Serie Cole, the father's wife, stipulated to an order granting Cole custody of the mother's and the father's child, with unsupervised visitation to the mother.  The order provided that the mother or the father could petition for custody of the child once the child was discharged from out-of-home treatment. In late 2009 and early 2010, the mother and the father filed petitions seeking custody of the child, while Cole filed a petition seeking an order requiring visitation between the mother and the child to be supervised.  After a trial, Family Court entered an order granting joint custody of the child to Cole and the mother, designating Cole as the primary residential parent, and granting the mother unsupervised visitation, and the mother and the father now appeal from that order. We note, however, that an order was subsequently entered upon stipulation of the parties regarding custody and visitation of the child.

We reject the contention of the Attorney for the Child that the mother's appeal in its entirety is moot because a subsequent order was entered in this case.  The mother contends, inter alia, that the court erred in finding extraordinary circumstances warranting consideration of the best interests of the child.  "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544).  Once a court makes a finding that extraordinary circumstances exist, that issue cannot be revisited in a subsequent proceeding seeking to modify custody (*see Matter of Guinta v Doxtator*, 20 AD3d 47, 48, 51) and, thus, such a finding may have "enduring consequences" for the parties (*Matter of New York State Commn. on Judicial Conduct v Rubenstein*, 23 NY3d 570, ___).  We therefore conclude that the mother's challenge to the court's determination with respect to extraordinary circumstances is not moot.

We conclude that the court properly determined that Cole met her burden of establishing the existence of extraordinary circumstances warranting consideration of the best interests of the child (*see Gary G.*, 248 AD2d at 981).  The mother continually demonstrated an inability or unwillingness to place the child's best interests above that of the mother's husband, who had various mental health issues and refused treatment and medication.  The mother testified that she saw no reason to restrict her husband's access to the child, and continually ignored court orders prohibiting her husband from having contact with the child.  Based on the mother's inability to provide a safe home environment for the child, we conclude that the court's finding of extraordinary circumstances was proper.

The mother's appeal insofar as she contends that the court erred in designating Cole as the primary residential parent, and the father's appeal in which he contends that the court erred in granting the mother unsupervised visitation with the child, are moot (*see Matter of Morgia v Horning*, 119 AD3d 1355, ___).