■ In the Matter of VINCENT DONEGAN, Respondent, v DAMARI TORRES, Appellant. [5 NYS3d 763]—

Appeal from an amended order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 11, 2013 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, granted sole legal and physical custody of the parties' child to petitioner and granted supervised visitation to respondent.

It is hereby ordered that said appeal insofar as it concerns custody and visitation is unanimously dismissed, and the amended order is otherwise affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, among other things, awarded petitioner father sole legal and physical custody of the parties' child. We note at the outset that the order from which the mother appeals was superseded by an amended order, from which no appeal was taken. In the exercise of our discretion, however, we treat the notice of appeal as valid and deem the appeal as taken from the amended order (*see* CPLR 5520 [c]; *Matter of Dante P.*, 81 AD3d 1267, 1267-1268 [2011]).

We reject the contention of the Attorney for the Child that the mother's appeal is moot in its entirety because, while this appeal was pending, a new custody proceeding was held and the paternal grandfather was awarded sole legal and physical custody of the subject child. In conducting its best interests analysis, Family Court found that the mother's judgment was impaired to a degree that made her unfit to be a custodian of the child, a finding that "may have 'enduring consequences' for the parties" (*Matter of Van Dyke v Cole*, 121 AD3d 1584, 1585 [2014], quoting *Matter of New York State Commn. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 576 [2014]). We therefore conclude that the mother's challenge to the court's determination with respect to her fitness to act as a custodial parent is not moot.

We nevertheless reject the mother's challenge on the merits. The evidence at the custody hearing established that the mother suffered from bipolar disorder and schizophrenia with psychosis, that she received Social Security disability income, and that her mental health hospitalization required her relatives to travel to Puerto Rico to prevent the child from being placed in protective custody. Although the mother acknowl-

edged her mental health condition, she testified that she stopped obtaining treatment through psychiatric services and medication because, in her view, such treatment was more hurtful than helpful (*see Matter of Booth v Booth*, 8 AD3d 1104, 1105 [2004], *lv denied* 3 NY3d 607 [2004]). Without treatment for her condition, there was no basis for the court to conclude that a relapse or further hospitalization would be unlikely (*see id.*). We therefore conclude that there is a sound and substantial basis in the record for the court's determination that, in light of her untreated mental health condition, the mother was unfit to act as a custodial parent (*see Matter of Miller v Orbaker*, 17 AD3d 1145, 1146 [2005], *lv denied* 5 NY3d 714 [2005]; *see generally Matter of Cool v Malone*, 66 AD3d 1171, 1173 [2009]; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999, 1000 [2001]). We further conclude that the court properly considered the mother's willingness to reside with the father of her other children as a factor weighing against her fitness to act as a custodial parent (*see generally Matter of Weekley v Weekley*, 109 AD3d 1177, 1179 [2013]; *Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703, 705-706 [2013]; *Matter of Richard C.T. v Helen R.G.*, 37 AD3d 1118, 1118-1119 [2007]). The evidence established that the father of the other children had pleaded guilty to a charge stemming from his sexual abuse of their oldest daughter and was the subject of an indicated Child Protective Services report for inadequate guardianship because he had attempted to touch his younger daughter inappropriately.

The mother's appeal insofar as it concerns her remaining contentions is moot (*see Van Dyke*, 121 AD3d at 1586). Present—Centra, J.P., Peradotto, Carni, Sconiers and DeJoseph, JJ.