# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**213**
**CAF 13-01367**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF VINCENT DONEGAN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAMARI TORRES, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR PETITIONER-RESPONDENT.

BETH A. LOCKHART, ATTORNEY FOR THE CHILD, CANASTOTA.

---------------------------------------------------------------------------------------------------

Appeal from an amended order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered June 11, 2013 in a proceeding
pursuant to Family Court Act article 6.  The amended order, among
other things, granted sole legal and physical custody of the parties'
child to petitioner and granted supervised visitation to respondent.

It is hereby ORDERED that said appeal insofar as it concerns
custody and visitation is unanimously dismissed, and the amended order
is otherwise affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act
article 6, respondent mother appeals from an order that, among other
things, awarded petitioner father sole legal and physical custody of
the parties' child.  We note at the outset that the order from which
the mother appeals was superseded by an amended order, from which no
appeal was taken.  In the exercise of our discretion, however, we
treat the notice of appeal as valid and deem the appeal as taken from
the amended order (*see* CPLR 5520 [c]; *Matter of Dante P.*, 81 AD3d
1267, 1267-1268).

We reject the contention of the Attorney for the Child that the
mother's appeal is moot in its entirety because, while this appeal was
pending, a new custody proceeding was held and the paternal
grandfather was awarded sole legal and physical custody of the subject
child.  In conducting its best interests analysis, Family Court found
that the mother's judgment was impaired to a degree that made her
unfit to be a custodian of the child, a finding that "may have
'enduring consequences' for the parties" (*Matter of Van Dyke v Cole*,
121 AD3d 1584, 1585, quoting *Matter of New York State Commn. on*

*Judicial Conduct v Rubenstein*, 23 NY3d 570, 576).  We therefore conclude that the mother's challenge to the court's determination with respect to her fitness to act as a custodial parent is not moot.

We nevertheless reject the mother's challenge on the merits.  The evidence at the custody hearing established that the mother suffered from bipolar disorder and schizophrenia with psychosis, that she received Social Security disability income, and that her mental health hospitalization required her relatives to travel to Puerto Rico to prevent the child from being placed in protective custody.  Although the mother acknowledged her mental health condition, she testified that she stopped obtaining treatment through psychiatric services and medication because, in her view, such treatment was more hurtful than helpful (*see Matter of Booth v Booth*, 8 AD3d 1104, 1105, *lv denied* 3 NY3d 607).  Without treatment for her condition, there was no basis for the court to conclude that a relapse or further hospitalization would be unlikely (*see id.*).  We therefore conclude that there is a sound and substantial basis in the record for the court's determination that, in light of her untreated mental health condition, the mother was unfit to act as a custodial parent (*see Matter of Miller v Orbaker*, 17 AD3d 1145, 1146, *lv denied* 5 NY3d 714; *see generally Matter of Cool v Malone*, 66 AD3d 1171, 1173; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999, 1000).  We further conclude that the court properly considered the mother's willingness to reside with the father of her other children as a factor weighing against her fitness to act as a custodial parent (*see generally Matter of Weekley v Weekley*, 109 AD3d 1177, 1179; *Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703, 705-706; *Matter of Richard C.T. v Helen R.G.*, 37 AD3d 1118, 1118-1119).  The evidence established that the father of the other children had pleaded guilty to a charge stemming from his sexual abuse of their oldest daughter and was the subject of an indicated Child Protective Services report for inadequate guardianship because he had attempted to touch his younger daughter inappropriately.

The mother's appeal insofar as it concerns her remaining contentions is moot (*see Van Dyke*, 121 AD3d at 1586).

Entered:  March 20, 2015                        Frances E. Cafarell
                                                Clerk of the Court