Appeals from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered September 4, 2013. The order, among other things, awarded plaintiff sole legal and physical custody of the subject child.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: In appeal No. 1, defendant father and the appellate Attorney for the Child (AFC) appeal from an order that, inter alia, awarded sole custody of the subject 13-year-old child to plaintiff mother and visitation to the father. In appeal No. 2, the father appeals from an order that, inter alia, directed him to pay counsel fees to the mother’s attorney in the amount of $44,977.34, directed him to pay sanctions in the amount of $7,000, and directed the father’s attorney to pay sanctions in the amount of $3,000.
The father contends in appeal No. 1 that he did not receive a fair trial because of certain “errant” evidentiary rulings. We agree with the father that Supreme Court improperly curtailed his cross-examination of the court-appointed expert (see CPLR 4515); erred in prohibiting him from calling the child’s therapist as a rebuttal witness; and erred in admitting certain EZ-Pass records because “[a] proper foundation for [their] admission . . . [was not] provided by someone with personal knowledge of the maker’s business practices and procedures” (Palisades Collection, LLC v Kedik, 67 AD3d 1329, 1330-1331 [2009] [internal quotation marks omitted]; see also KG2, LLC v Weller, 105 AD3d 1414, 1415 [2013]), and there was no indication that the records were certified to comply with CPLR 4518 pursuant to CPLR 3122-a. We conclude, however, that those errors are harmless inasmuch as the excluded evidence “ ‘would [not] have had a substantial influence on the outcome of the case’ ” (Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1296 [2014], lv denied 24 NY3d 905 [2014]), and the errors “ ‘did not adversely affect a substantial right of the [father]’ ” (Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC, 34 AD3d 1364, 1365 [2006]; Shahram v Horwitz, 5 AD3d 1034, 1035 [2004]).
*1568 Contrary to the father’s further contention in appeal No. 1, the court did not err in admitting in evidence the reports of the court-appointed expert pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.16 (g) (2). Although the reports themselves were not submitted “under oath” as required by that regulation, the expert was subsequently called, she testified under oath, and she was available for cross-examination (cf. Matter of Kranock v Ranieri, 17 AD3d 1104, 1105 [2005], lv denied 5 NY3d 709 [2005]; see generally Posporelis v Posporelis, 41 AD3d 986, 992 [2007]).
The father and the AFC further contend in appeal No. 1 that the court’s custody determination is not in the child’s best interests and that the court failed to give appropriate weight to the child’s desire to live with the father. In making a custody determination, “the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child’s emotional and intellectual development and the wishes of the child ... No one factor is determinative because the court must review the totality of the circumstances” (Matter of Cross v Caswell, 113 AD3d 1107, 1107 [2014] [internal quotation marks omitted]). A court’s custody determination, including its evaluation of a child’s best interests, is entitled to great deference and will not be disturbed as long as it is supported by a sound and substantial basis in the record (see id. at 1107-1108; see also Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [2011]).
“Here, although there are several factors that militate in favor of awarding custody to the [father],” we conclude that the court’s determination that it is in the best interests of the child to remain in the custody of the mother is supported by a sound and substantial basis in the record (Cross, 113 AD3d at 1107). As noted by the court-appointed expert, a potential move from his mother’s residence in Syracuse to his father’s residence in Buffalo would put the child “at risk of experiencing a tremendous sense of loss and disruption” because he is “connected to his school[,] his mom[,] his community!,] his neighborhood[,] his friends and his pursuits [in Syracuse].” Furthermore, while we agree with the father and the AFC that the child’s “wishes . . . [were] entitled to great weight, particularly where [,] [as here, his] age and maturity . . . make[s his] input particularly meaningful” (Matter of Stevenson v Stevenson, 70 AD3d 1515, 1516 [2010], lv denied 14 NY3d 712 [2010] [internal quotation marks omitted]), the court acknowledged the factor, and *1569 deemed it to be significant, but noted why it was not entitled to the type of consideration that the father and the AFC had requested. Because the wishes of the child are “not . . . determinative,” we perceive no error in how the court addressed that factor (Dintruff v McGreevy, 34 NY2d 887, 888 [1974]).
Contrary to the AFC’s contention in appeal No. 1 that the AFC at the trial level did not properly present the child’s wishes to the court, we conclude that the AFC at the trial level fulfilled her representational obligations by voicing the child’s wishes directly to the court without recommending any finding to the contrary. In addition, we note that the court held two Lincoln hearings, and the AFC did not prevent the child from voicing his wishes to the court (see Rules of Chief Judge [22 NYCRR] § 7.2 [d]; Matter of Rosso v Gerouw-Rosso, 79 AD3d 1726, 1728 [2010]; see also Matter of Gloria DD. [Brenda DD.], 99 AD3d 1044, 1046-1047 [2012]; Matter of Whitcomb v Seward, 86 AD3d 741, 745 [2011]).
Contrary to the father’s further contention in appeal No. 1, with deference to the “court’s determination and its ‘firsthand assessment’ of the parties,” we cannot conclude that the court erred in fashioning a visitation schedule (D’Ambra v D'Ambra [appeal No. 2], 94 AD3d 1532, 1534 [2012]). The court’s creation of two equal Christmas visitation periods, which alternate annually, was an appropriate exercise of its discretion. In addition, the court appropriately exercised its discretion in providing for flexible weekday visitation to take into account the child’s participation in extracurricular activities. We therefore see no basis to disturb the visitation schedule fashioned by the court (see Matter of Rought v Palidar, 6 AD3d 1112, 1112 [2004]).
Lastly, with respect to appeal No. 2, we conclude that the court abused its discretion in awarding sanctions inasmuch as the conduct of the father and his counsel was not “frivolous” as defined in Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) (see Kimmel v State of New York, 115 AD3d 1323, 1325 [2014]), and we therefore modify the order accordingly. We further conclude that the court did not abuse its discretion in ordering the father to pay the mother’s attorney’s fees (see Decker v Decker, 91 AD3d 1291, 1291 [2012]). We note, however, that there is a mathematical error in the computation of the award of attorney’s fees, which should be reduced by $6,330.55, for a total of $38,646.79, and we therefore further modify the order accordingly.
All concur except Centra, J.R, and Peradotto, J., who dissent and vote to modify in accordance with the following memorandum.