# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**398**
**CAF 15-00012**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF TERRY R. GREEN,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JONATHAN M. GREEN, SR., RESPONDENT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (JESSICA ANDERSON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

LYLE T. HAJDU, ATTORNEY FOR THE CHILD, LAKEWOOD.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered December 2, 2014. The order, among
other things, awarded custody of the subject child to petitioner.

It is hereby ORDERED that said appeal insofar as it concerns
visitation is unanimously dismissed, the order is reversed on the law
without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to Family Court Act
article 6, respondent father appeals from a December 2014 order
granting custody of the subject child to petitioner stepmother, with
supervised visitation to the father. The order was entered following
a trial, upon a finding of extraordinary circumstances. We were
informed at oral argument of this appeal that an order was
subsequently entered upon agreement of the parties regarding custody
and visitation of the child, and the stepmother and the Attorney for
the Child assert that the father's appeal has thereby been rendered
moot in its entirety. We reject that contention. The father
contends, inter alia, that Family Court erred in finding the existence
of extraordinary circumstances to warrant consideration of the best
interests of the child. "It is well established that, as between a
parent and a nonparent, the parent has a superior right to custody
that cannot be denied unless the nonparent establishes that the parent
has relinquished that right because of 'surrender, abandonment,
persisting neglect, unfitness or other like extraordinary
circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981,
quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). "[O]nce the
preferred status of the birth parent under *Bennett* . . . has been lost
by a judicial determination of extraordinary circumstances," that

issue cannot be revisited in a subsequent proceeding seeking to modify custody (*Matter of Guinta v Doxtator*, 20 AD3d 47, 51) and, "thus, such a finding may have 'enduring consequences' for the parties" (*Van Dyke v Cole*, 121 AD3d 1584, 1585, quoting *Matter of New York State Commn. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 578). We therefore conclude that the father's challenge to the court's determination with respect to extraordinary circumstances is not moot (*see id.*).

We conclude that the court erred in determining that the stepmother met her burden of establishing the existence of extraordinary circumstances to warrant consideration of the best interests of the child (*cf. Gary G.*, 248 AD2d at 981-982). We therefore reverse the order and dismiss the petition.

The father's appeal insofar as it pertains to visitation must be dismissed as moot (*see Van Dyke*, 121 AD3d at 1586).

Entered: May 6, 2016                    Frances E. Cafarell
                                        Clerk of the Court