Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered December 2, 2014. The order, among other things, awarded custody of the subject child to petitioner.
It is hereby ordered that said appeal insofar as it concerns visitation is unanimously dismissed, the order is reversed on the law without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from a December 2014 order granting custody of the subject child to petitioner stepmother, with supervised visitation to the father. The order was entered following a trial, upon a finding of extraordinary circumstances. We were informed at oral argument of this appeal that an order was subsequently entered upon agreement of the parties regarding custody and visitation of the child, and the stepmother and the Attorney for the Child assert that the father’s appeal has thereby been rendered moot in its entirety. We reject that contention. The father contends, inter alia, that *1385 Family Court erred in finding the existence of extraordinary circumstances to warrant consideration of the best interests of the child. “It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of ‘surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances’ ” (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). “[0]nce the preferred status of the birth parent under Bennett . . . has been lost by a judicial determination of extraordinary circumstances,” that issue cannot be revisited in a subsequent proceeding seeking to modify custody (Matter of Guinta v Doxtator, 20 AD3d 47, 51 [2005]) and, “thus, such a finding may have ‘enduring consequences’ for the parties” (Matter of Van Dyke v Cole, 121 AD3d 1584, 1585 [2014], quoting Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 578 [2014]). We therefore conclude that the father’s challenge to the court’s determination with respect to extraordinary circumstances is not moot (see id.).
We conclude that the court erred in determining that the stepmother met her burden of establishing the existence of extraordinary circumstances to warrant consideration of the best interests of the child (cf. Gary G., 248 AD2d at 981-982). We therefore reverse the order and dismiss the petition.
The father’s appeal insofar as it pertains to visitation must be dismissed as moot (see Van Dyke, 121 AD3d at 1586).
Present — Centra, J.P., Peradotto, Carni, Curran and Troutman, JJ.