Matter of McKenzie v Polk (2018 NY Slip Op 07598)





Matter of McKenzie v Polk


2018 NY Slip Op 07598


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1154 CAF 17-01898

[*1]IN THE MATTER OF MICHAEL F. MCKENZIE, SR., PETITIONER-RESPONDENT,
v
JESSICA L. POLK, RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Supreme Court, Genesee County (Eric R. Adams, A.J.), entered September 7, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint legal custody of the subject child with primary physical residence to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent mother appeals from an order that, inter alia, modified a prior order of custody and visitation by awarding the parties joint legal custody of the subject child with primary physical residence with petitioner father and visitation to the mother. We reject the mother's contention that there was not a sufficient change in circumstances warranting an inquiry into whether modification of the prior order is in the child's best interests. "Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]" (Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005] [internal quotation marks omitted]). Here, there was a sufficient change in circumstances inasmuch as the parties "had in practice altered the custody and visitation arrangement set forth in the stipulated order" (Matter of Donnelly v Donnelly, 55 AD3d 1373, 1373 [4th Dept 2008]). Contrary to the mother's further contention, we conclude that a sound and substantial basis in the record supports Supreme Court's determination that awarding the father primary physical custody of the subject child is in the child's best interests (see Matter of Cross v
Caswell, 113 AD3d 1107, 1107-1108 [4th Dept 2014]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court