Matter of Maria P. (Anthony P.) (2020 NY Slip Op 02412)





Matter of Maria P. (Anthony P.)


2020 NY Slip Op 02412


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


310 CAF 19-00051

[*1]IN THE MATTER OF MARIA P., SOFIA P., ANGELO P., AND CHRISTOPHER P. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ANTHONY P., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
KRISTOPHER STEVENS, WATERTOWN, FOR PETITIONER-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered December 4, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children upon a finding of permanent neglect. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the finding of permanent neglect and the order is affirmed without costs.
Memorandum: Respondent father appeals from an order terminating his parental rights with respect to the subject children. Although the order was entered on default given the father's failure to appear at the dispositional hearing and "[n]o appeal lies from an order entered upon the default of the appealing party" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]), the appeal nevertheless brings up for review any issue that was subject to contest in the proceedings below, i.e., Family Court's fact-finding determination (see id.). On the merits, we reject the father's contention that petitioner failed to establish that he permanently neglected the subject children (see Matter of Justain R. [Juan F.], 93 AD3d 1174, 1174-1175 [4th Dept 2012]). To the extent that they are properly before us, we have considered and rejected the father's remaining contentions.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court