Matter of Gorski v Phalen (2020 NY Slip Op 05655)





Matter of Gorski v Phalen


2020 NY Slip Op 05655


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


775 CAF 19-00907

[*1]IN THE MATTER OF RANDOLPH GORSKI AND BARBARA GORSKI, PETITIONERS-RESPONDENTS,
v
RICHARD PHALEN, RESPONDENT-APPELLANT, AND JOLYNN GORSKI, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
THE WILLIAMS LAW FIRM, LLP, BATAVIA (THOMAS D. WILLIAMS OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 25, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioners custody of the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent-appellant challenges the finding of extraordinary circumstances and the order is affirmed without costs.
Memorandum: Petitioners petitioned for custody of their granddaughter, the subject child in this proceeding. Following a hearing, Family Court found the extraordinary circumstances necessary to inquire into the child's best interests, and further found that the child's interests were best served in petitioners' custody. The court thus granted the petition and awarded supervised visitation to respondents, the child's parents. Respondent father then appealed from that order. During the pendency of the appeal, however, the court entered an order on consent of the parties that continued custody with petitioners and awarded respondents unsupervised visitation with the child.
The later consent order renders moot the father's challenge to the court's finding regarding the child's best interests (see Matter of Wallace v Eure, 181 AD3d 1329, 1329 [4th Dept 2020]; Matter of Daniels v Jones, 144 AD3d 1420, 1420 [3d Dept 2016]), but not his challenge to the court's finding of extraordinary circumstances (see Matter of Green v Green, 139 AD3d 1384, 1385 [4th Dept 2016]; Matter of Van Dyke v Cole, 121 AD3d 1584, 1585 [4th Dept 2014]). Contrary to the father's contention, the fourth ordering paragraph in the consent order—which purports to reserve his right to challenge the entirety of the order on appeal—is ineffective and unenforceable because "litigants have no authority to 'stipulate to enlarge our appellate jurisdiction' " (Dumond v New York Cent. Mut. Fire Ins. Co., 166 AD3d 1554, 1556 [4th Dept 2018]; see Commissioner of Social Servs. of City of N.Y. v Harris, 26 AD3d 283, 286 [1st Dept 2006]). Indeed, it is well established that litigants " 'cannot, by agreement between them, . . . predetermine the scope of [appellate] review' " (Dumond, 166 AD3d at 1556, quoting Amherst & Clarence Ins. Co. v Cazenovia Tavern, 59 NY2d 983, 984 [1983], rearg denied 60 NY2d 644 [1983]; see Matter of Shaw, 96 NY2d 7, 13 [2001], citing Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324 [1889]). We therefore dismiss the father's appeal except insofar as he challenges the finding of extraordinary circumstances (see generally Matter of Maria P. [Anthony P.], 182 AD3d 1028, 1029 [4th Dept 2020]; Matter of Jason M. [Joshua M.] [appeal [*2]No. 2], 181 AD3d 1206, 1207 [4th Dept 2020]). On the merits, we reject the father's challenges to the court's finding of extraordinary circumstances for reasons stated in the court's written decision dated March 18, 2019.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court