Matter of Hayden A. (Karen A.) (2020 NY Slip Op 06917)





Matter of Hayden A. (Karen A.)


2020 NY Slip Op 06917


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1044 CAF 19-00653

[*1]IN THE MATTER OF HAYDEN A. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; KAREN A., RESPONDENT-APPELLANT. (APPEAL NO. 2.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
KAREN J. DOCTER, FAYETTEVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from a corrected order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered March 15, 2019 in a proceeding pursuant to Social Services Law § 384-b. The corrected order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of her attorney's request for an adjournment and the corrected order is reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from a corrected order entered upon her default that, inter alia, determined that the subject child had been abandoned and terminated the mother's parental rights with respect to that child. The mother failed to appear at the fact-finding hearing on the petition to terminate her parental rights and, although her attorney was present at the hearing, she did not participate. Thus, we conclude that the mother's unexplained failure to appear at the hearing constituted a default (see Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv dismissed in part and denied in part 18 NY3d 854 [2011]; Matter of Tiara B. [appeal No. 2], 64 AD3d 1181, 1181-1182 [4th Dept 2009]). Although "[n]o appeal lies from an order entered upon the default of the appealing party" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]; see Matter of Maria P. [Anthony P.], 182 AD3d 1028, 1029 [4th Dept 2020]), the appeal nevertheless brings up for review any issue that was subject to contest in the proceedings below, i.e., Family Court's failure to grant the request of the mother's attorney for an adjournment (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386-1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Paulino v Camacho, 36 AD3d 821, 822 [4th Dept 2007]).
We agree with the mother that the court abused its discretion in failing to grant her attorney's request for an adjournment (see generally Matter of Anthony M., 63 NY2d 270, 283 [1984]). Under the unique circumstances of this case, i.e., that the court was aware of the mother's history of mental illness, that this was the first request for an adjournment on the mother's behalf, and that the child's situation would remain unaltered if the adjournment had been granted, the court improperly denied the request for an adjournment (see generally Matter of Sullivan v Sullivan, 173 AD3d 1844, 1845 [4th Dept 2019]; Matter of Nicole J., 71 AD3d 1581, 1582 [4th Dept 2010]). In addition, we conclude that the court abused its discretion in failing to grant an adjournment because of the serious concerns about the mother's competency to assist in her own defense, which raised an issue whether it was necessary for the court to [*2]continue the appointment of a guardian ad litem (see generally Matter of Jesten J.F. [Ruth P.S.], 167 AD3d 1527, 1528-1529 [4th Dept 2018]; Matter of Mary H. [Sanders-Spencer], 126 AD3d 794, 795 [2d Dept 2015]; Sarfaty v Sarfaty, 83 AD2d 748, 749 [4th Dept 1981]). We therefore reverse the corrected order and remit the matter to Family Court for further proceedings on the petition.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court